UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TAGI Ventures, LLC,

      Plaintiff,

v.                                                                 Civil No. 15-3318 (JNE/TNL)
                                                               ORDER

NASCAR Digital Media, LLC,

      Defendant.

TAGI Ventures, LLC,

      Plaintiff,

v.                                                                 Civil No. 16-480 (JNE/TNL)
                                                                ORDER

Turner Sports Interactive, Inc.,

      Defendant.

      TAGI Ventures, LLC, claimed that NASCAR Digital Media, LLC, infringed U.S. Patent No. 7,162,532 and U.S. Patent No. 9,059,809.  In a separate action, TAGI Ventures claimed that Turner Sports Interactive, Inc., infringed the same patents.  NASCAR Digital Media and Turner Sports Interactive moved to transfer venue to the United States District Court for the Northern District of Georgia.[1]  For the reasons set forth below, the Court grants the motions.

## I.   BACKGROUND

      The '532 Patent and the '809 Patent are entitled "System and Method for Listening to Teams in a Race Event."  According to TAGI Ventures, NASCAR Digital

---

[1] The actions have not been consolidated.  The motions to transfer venue are essentially identical.

Media and Turner Sports Interactive infringed the patents by making, selling, offering for sale, importing, or using a product known as RaceBuddy. RaceBuddy allows users to access free, live-streamed in-car video via the Internet in connection with certain NASCAR races.

In support of the motions to transfer venue, NASCAR Digital Media and Turner Sports Interactive submitted declarations of David Vigilante, one of Turner Sports Interactive's vice presidents, and Wyatt Hicks, NASCAR Digital Media's director of digital products. According to Vigilante, Turner Sports Interactive is a Georgia corporation, and its headquarters are in Atlanta, Georgia. Turner Sports Interactive "and/or its affiliates" operated RaceBuddy until the end of 2012, when NASCAR Digital Media assumed the operation of RaceBuddy. Turner Sports Interactive is not registered to do business in Minnesota, has no employees in Minnesota, and does not maintain any documents in Minnesota. Its work in the development of RaceBuddy took place in Atlanta. "All current employees of [Turner Sports Interactive] or its affiliates that were responsible for analysis, testing, evaluation, operation, design, development, marketing, and advertising of RaceBuddy are located in Atlanta, including" six individuals identified by Vigilante. "All documents in the possession of [Turner Sports Interactive] or its affiliates related to the technical operations, analysis, and testing of RaceBuddy are located in Atlanta." Kenny Bunch, a former employee of one of Turner Sports Interactive's affiliates, "was instrumental in building consumer-facing portions of RaceBuddy and prior technologies relevant to Defendants' prior art defenses." He is the president of Dreamsocket, which is located in Atlanta. "Dreamsocket continues to

2

support RaceBuddy for NASCAR today." Another former employee of one of Turner Sports Interactive's affiliates, Mark Griffith, "was a product lead on the RaceBuddy product when [Turner Sports Interactive] operated it, and is knowledgeable of prior technologies relevant to Defendants' prior art defenses." He works at Prime Sports in Atlanta. Joe Clemente, another former employee of one of Turner Sports Interactive's affiliates, "worked on marketing for NASCAR-related products including RaceBuddy." He works at IMG Live, LLC, in Atlanta. When Turner Sports Interactive operated RaceBuddy, "RaceBuddy was not offered or used in connection with any racing event conducted in Minnesota."

    According to Hicks, NASCAR Digital Media is a limited liability company that is organized under Florida law. Its headquarters are located in Charlotte, North Carolina. NASCAR Digital Media "does not maintain any offices or any employees in Minnesota"; "does not maintain any documents or information related to the RaceBuddy product in Minnesota"; "does not operate any racetrack or administer any racing event in Minnesota"; and "is not registered to do business in Minnesota." Before 2013, Turner Sports Interactive managed operations of RaceBuddy. In 2013, NASCAR Digital Media "began managing operations of the RaceBuddy product." NASCAR Digital Media "managed operations of the RaceBuddy product from its headquarters in Charlotte"; "directed ongoing software design and development for the RaceBuddy product to operate, including in Atlanta, Georgia, through third-party vendors, such as Dreamsocket, Inc., a Georgia corporation that has its principal place of business" in Atlanta; "used Turner Sports Interactive . . . in Atlanta . . . to sell advertising for the RaceBuddy

3

product"; and "conducted ongoing financial and technical analysis, evaluation, and testing of the RaceBuddy product at its headquarters in Charlotte."  Its "documents and other materials related to financial and technical operations, analysis, and testing of the RaceBuddy product are located in" Charlotte or Daytona Beach, Florida.  While NASCAR Digital Media has operated RaceBuddy, "the RaceBuddy product has never been offered or used for a racing event that occurred in Minnesota but has been offered and used for NASCAR races that occur in or around . . . Charlotte . . . and Atlanta."

Hicks stated that NASCAR Digital Media's employees "who oversaw, monitored, evaluated, and tested the RaceBuddy product reside in or around Charlotte" and that its employees who are "responsible for marketing, advertising, and promotions for the RaceBuddy product reside in or around" Charlotte or Daytona Beach.  He identified five individuals whose offices are at NASCAR Digital Media's headquarters in Charlotte as likely fact witnesses: Hicks, John Martin, Tim Clark, Ben Selland, and Tyler Blank.  Hicks "managed the business aspects of the RaceBuddy product."  Martin, the managing director of digital and business operations, "managed and oversaw the media content delivery process of NDM-controlled digital products and content, including the RaceBuddy product, from capture to transmission to display."  He "has knowledge of the business and technical operations for the RaceBuddy product."  Clark, the managing director of digital platforms, "has knowledge of the marketing, advertising, and promotions of the RaceBuddy product."  Selland, the senior director of technical operations, "has knowledge of the design, development, and operation of the RaceBuddy product."  Blank, the manager of live operations, "has knowledge of the technical and

4

operational details of the RaceBuddy product, including the media content delivery process from capture to transmission to display." Hicks characterized Bunch of Dreamsocket in Atlanta as NASCAR Digital Media's "point of contact for support to the RaceBuddy product."

In support of its responses to the motions to transfer venue, TAGI Ventures submitted a declaration of one of the attorneys who is representing it in these actions. According to the attorney, Steven Koehler and Eric Moe are the co-inventors of the patents in suit. Koehler, TAGI Ventures' chief manager and sole owner, resides in Minnesota.[2] Moe resides in the United Kingdom.[3] TAGI Ventures' "records related to the prosecution of the patents in suit are in Minnesota." TAGI Ventures' "offices are located in . . . Minnesota."[4] A former law partner of Koehler "acted as an attorney for some phases of the prosecution of the patents in suit." "Upon information and belief," the former law partner "resides in Minnesota." Companies based in Utah and New York "track[] user data and provide[] user analytics for the Racebuddy Product."

## II.   DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have

---

[2]   According to its pleadings, TAGI Ventures is a limited liability company organized under Minnesota law, and its principal place of business is in Minnesota.

[3]   NASCAR Digital Media and Turner Sports Interactive asserted that Moe resides in Maryland.

[4]   In its response to the motions to transfer venue, TAGI Ventures stated that it is "based out of its founder's home."

5

been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a) (2012). "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." *Id.* § 1400(b). "[A]n entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." *Id.* § 1391(c)(2); *see In re TC Heartland LLC*, 821 F.3d 1338, 1341-43 (Fed. Cir. 2016); *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1580 (Fed. Cir. 1990).

It is undisputed that TAGI Ventures' actions against NASCAR Digital Media and Turner Sports Interactive "might have been brought" in the Northern District of Georgia. The Court considers whether the actions should be transferred to it.

Section 1404(a) provides "three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997).[5] In considering a motion to transfer venue, a district court is not limited to the enumerated factors. *Id.* A motion to transfer venue calls for "a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Id.*; *see In re Apple, Inc.*, 602 F.3d 909, 912 (8th

---

[5] The law of the Eighth Circuit applies. *See In re Barnes & Noble, Inc.*, 743 F.3d 1381, 1383 (Fed. Cir. 2014); *Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 836 (Fed. Cir. 2003).

Cir. 2010) ("We have declined to offer an 'exhaustive list of specific factors to consider' in making the transfer decision . . . ."). "In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Terra Int'l*, 118 F.3d at 695. "This 'general' practice of according deference, however, is based on an assumption that the plaintiff's choice will be a convenient one." *Apple*, 602 F.3d at 913.

### *Civil No. 16-480*

In Civil No. 16-480, the plaintiff, TAGI Ventures, is a limited liability company that is organized under Minnesota law. It is a non-practicing entity whose office is located in the home of its manager and sole owner. The defendant, Turner Sports Interactive, is a Georgia corporation whose principal place of business is located in Atlanta. Most of the witnesses who are employed by the parties and are likely to offer relevant testimony are located in Atlanta. TAGI Ventures' owner resides in Minnesota. Six individuals employed by Turner Sports Interactive who were responsible for analysis, testing, evaluation, operation, design, development, marketing, and advertising of RaceBuddy are located in Atlanta. Most of the relevant evidence is likely located in Atlanta. *See In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."). Most third-party witnesses are located in Atlanta. RaceBuddy is available on the Internet. Turner Sports Interactive never offered or used it

in connection with a race in Minnesota.  Limited judicial resources have been expended on this case.  The Court does not doubt Turner Sports Interactive's ability to bear the burden of litigating in the District of Minnesota.  No evidence has been submitted that would permit assessment of whether TAGI Ventures will be unreasonably burdened by litigating in the Northern District of Georgia.  Giving due weight to TAGI Ventures' choice to bring this action in the District of Minnesota, the Court concludes that the action should be transferred to the Northern District of Georgia.[6]

### *Civil No. 15-3318*

In Civil No. 15-3318, the plaintiff, TAGI Ventures, is a limited liability company that is organized under Minnesota law.  It is a non-practicing entity whose office is located in the home of its manager and sole owner.  The defendant, NASCAR Digital Media, is a limited liability company that is organized under Florida law.  Its headquarters are located in Charlotte, North Carolina.  Most of the witnesses who are employed by the parties and are likely to offer relevant testimony are located in Charlotte.  TAGI Ventures' owner resides in Minnesota.  Five individuals employed by NASCAR Digital Media who are responsible for business, technical, and operational aspects of RaceBuddy are located in Charlotte, which is substantially closer to the Northern District of Georgia than it is to the District of Minnesota.  NASCAR Digital Media directed ongoing software design and development for RaceBuddy through Dreamsocket, which is located in Atlanta, and it used Turner Sports Interactive to sell

---

[6] The Court expresses on opinion on Turner Sports Interactive's Motion to Dismiss for Failure to State a Claim.

advertising for the RaceBuddy product. Dreamsocket's president, Bunch, is NASCAR Digital Media's "point of contact for support to the RaceBuddy product." Like Turner Sports Interactive, NASCAR Digital Media never offered or used RaceBuddy in connection with a race in Minnesota. Limited judicial resources have been expended on this case. The Court does not doubt NASCAR Digital Media's ability to bear the burden of litigating in the District of Minnesota. No evidence has been submitted that would permit assessment of whether TAGI Ventures will be unreasonably burdened by litigating in the Northern District of Georgia. Giving due weight to TAGI Ventures' choice to bring this action in the District of Minnesota, the Court concludes that the action should be transferred to the Northern District of Georgia.[7]

### III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. NASCAR Digital Media's Motion to Transfer Venue [Docket No. 53 in Civil No. 15-3318] is GRANTED.

2. Civil No. 15-3318 is transferred to the United States District Court for the Northern District of Georgia. The Clerk of Court is directed to effect the transfer.

3. Turner Sports Interactive's Motion to Transfer Venue [Docket No. 44 in Civil No. 16-480] is GRANTED.

---

[7] The Court expresses no opinion on NASCAR Digital Media's Motion for Judgment on the Pleadings.

4. Civil No. 16-480 is transferred to the United States District Court for the Northern District of Georgia. The Clerk of Court is directed to effect the transfer.

Dated: September 9, 2016

s/Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge